FILED
United States Court of Appeals
Tenth Circuit

September 18, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LARRY LEE JENSEN,

Defendant-Appellant.

No. 07-4079

(D.C. No. 2:06-CR-603-JTG)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, EBEL,** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

ordered submitted without oral argument.

Defendant Larry Jensen pled guilty to one count of destroying, altering, or

falsifying a record with the intent to impede, obstruct, or influence the proper

administration of a matter within the jurisdiction of a federal agency, in violation of 18

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 1519, and was sentenced to a term of imprisonment of twenty-seven months to be followed by thirty-six months of supervised release. Jensen now appeals his sentence, arguing the district court erred in applying a two-level enhancement pursuant to U.S.S.G. § 2J1.2(e). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

In March 2006, the Federal Bureau of Investigations (FBI) began investigating allegations of illegal activities by employees of the Cornell Community Corrections Center (CCC) in Salt Lake City, Utah. The CCC, which was privately owned and operated, was under contract with the United States Bureau of Prisons (BOP) to house federal inmates. The FBI's investigation confirmed that various CCC employees, including defendant Jensen, had engaged in illegal conduct. The investigation culminated on August 30, 2006, with a federal grand jury indicting Jensen on one count of violating 18 U.S.C. § 1519 by destroying, altering, or falsifying a record with the intent to impede, obstruct, or influence the investigation and proper administration of a matter within the jurisdiction of the BOP.

Jensen was arrested and interviewed by FBI agents. Jensen admitted that, as alleged in the indictment, he engaged in criminal conduct on April 19, 2006, when, at the request of a CCC inmate and in exchange for $40, he provided the inmate with a urine sample so that the inmate could obtain a negative urinalysis, and completed official paperwork falsely stating the inmate had provided a sample in Jensen's presence. Jensen also admitted engaging in additional criminal conduct while employed at CCC.

Specifically, he admitted:

- allowing a male CCC resident, in exchange for a sexual favor, to visit a female CCC resident in violation of CCC rules;

- providing two male CCC residents with advance notice of pending urine submission dates in exchange for the inmates agreeing to be photographed in the nude by Jensen;

- providing a male CCC resident with advance notice of urinalysis dates in exchange for sexual favors;

- allowing a female CCC resident with advance notice of urinalysis dates in exchange for naked pictures of the resident's boyfriend;

- providing two male CCC residents, in exchange for small amounts of money, with urine samples after they confided to him that they would likely test positive for controlled substances;

- providing other CCC residents with advance notice of urinalysis dates without receiving anything in return;

- neglecting to record positive breath tests for certain CCC residents; and

- allowing two male CCC residents and two female CCC residents, in exchange for $50, to leave the facility during the night so that they could engage in sexual activity.

On January 10, 2007, Jensen pled guilty to the single count alleged in the indictment. A presentence investigation report (PSR) was subsequently prepared which proposed, in pertinent part, enhancing Jensen's base offense level by two levels pursuant to U.S.S.G. § 2J1.2(b)(3). Although Jensen objected to this proposed enhancement, the district court overruled his objection, adopted the PSR's calculations, and sentenced Jensen to a term of imprisonment of twenty-seven months, a sentence at the top of the twenty-one to twenty-seven month guideline range. The court also imposed a term of

3

supervised release of thirty-six months. Jensen now appeals.

II.

Jensen contends on appeal that the district court erred in enhancing his sentence pursuant to U.S.S.G. § 2J1.2(b)(3). More specifically, Jensen alleges that the plain language of this guideline does not apply to his offense of conviction or his related conduct. We review the district court's application of § 2J1.2(b)(3) de novo, and its related factual findings for clear error. See United States v. Townley, 472 F.3d 1267, 1275-76 (10th Cir. 2007).

Section 2J1.2 of the Sentencing Guidelines, entitled "Obstruction of Justice," requires application of a base offense level of fourteen for any crime of conviction falling within its scope. U.S.S.G. § 2J1.2(a). In turn, the guideline provides for a range of possible enhancements, from two to twelve levels, based on the "Specific Offense Characteristics." Id. § 2J1.2(b)(1)-(3). At issue here is the two-level enhancement mandated by subsection (b)(3) of the guideline:

> If the offense (A) involved the destruction, alteration, or fabrication of a substantial number of records, documents, or tangible objects; (B) involved the selection of any essential or especially probative record, document, or tangible object, to destroy or alter; or (C) was otherwise extensive in scope, planning, or preparation, increase by **2** levels.

Id. § 2J1.2(b)(3).

Because the district court did not specifically identify at the time of sentencing which subpart of § 2J1.2(b)(3) it was relying on in imposing the two-level enhancement, Jensen addresses all three of them in his appeal. In Jensen's view, none of the three

4

subparts are applicable to his case. We find it unnecessary to address all three subparts, however, because, after examining the record on appeal, it is clear that Jensen's offense of conviction and related conduct warranted a two-level enhancement pursuant to subpart (C).

As noted, Jensen admitted in his post-arrest interview with the FBI to having enabled numerous CCC residents to avoid testing positive for controlled substances, either by giving them advance notice of urinalysis dates or by providing them with his own urine samples for submission. Similarly, Jensen admitted to having neglected to record positive breath tests for certain CCC residents. He also admitted to having enabled CCC residents to violate institutional rules. Based upon these admissions, the district court aptly found as follows:

> [Jensen's] extreme and repetitive misconduct as an employee of Cornell Corrections contributed substantially, to use a word, to the undermining of the integrity of the operations at Cornell. * * * The whole thing became known to every inmate in the place and any resident was aware of what was going on. The defendant's conduct was so prevalent that many residents were aware that they could avoid accountability through payment of money or sexual favors in exchange for criminal intervention on their behalf.

ROA, Vol. II at 18 (transcript of sentencing hearing).

In light of these uncontroverted factual findings, we readily conclude that Jensen's specific offense characteristics fell within the scope of subpart (C) of § 2J1.2(b)(3). Although it is unclear from the record precisely how much "planning" and "preparation" Jensen's offense required, it is apparent that his offense was far from an isolated

5

occurrence. To the contrary, Jensen's conduct prevented CCC officials, and in turn the BOP, from learning that numerous CCC inmates had used controlled substances or otherwise violated CCC rules. Thus, we conclude his offense "was otherwise extensive in scope . . . ." U.S.S.G. § 2J1.2(b)(3)(C).

In reaching this conclusion, we reject Jensen's assertion that the requirements of subpart (C) of § 2J1.2(b)(3) are modified by subpart (A)'s reference to "a substantial number of records, documents, or tangible objects . . . ." The plain language of § 2J1.2(b)(3), including its use of the term "or," is clearly phrased in the disjunctive, thus indicating that the three subparts have separate and distinct meanings and were not intended to modify each other. See United States v. Gonzales, 456 F.3d 1178, 1182 (10th Cir. 2006) ("The use of the disjunctive 'or' indicates" that the terms it is used to separate "are to have different meanings.").

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge