# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2547

_____

United States of America

*Plaintiff - Appellee*

v.

Elfred William Petruk

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 31, 2016
Filed: September 9, 2016

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

In June 2012, Elfred Petruk stole Travis Behning's pickup truck. After Behning tracked Petruk down in a different vehicle, the two had an altercation, and Petruk assaulted Behning with a hammer. A jury convicted Petruk of one count of carjacking in violation of 18 U.S.C. § 2119(1) and two counts of corruptly attempting to obstruct an official proceeding in violation of 18 U.S.C. § 1512(c)(2). Petruk

appealed; we reversed the convictions for carjacking and one obstruction count and remanded for resentencing on the remaining obstruction count. United States v. Petruk, 781 F.3d 438 (8th Cir. 2015). On remand, the district court[1] determined that Petruk's advisory guidelines sentencing range was 41 to 51 months and sentenced him to 46 months in prison. Petruk appeals the sentence, arguing the district court committed procedural errors by applying a two-level enhancement for an obstruction offense that was "extensive in scope, planning, or preparation," U.S.S.G. § 2J1.2(b)(3)(C), and by denying a two-level reduction for acceptance of responsibility under § 3E1.1. We affirm.

## I. The Section 2J1.2(b)(3)(C) Enhancement.

In December 2012, Petruk was in jail facing state court charges arising out of his altercation with Behning. He attempted to solicit his former girlfriend, Sara Jean Peterson, to help him secure false alibi witnesses. This was the basis for the first obstruction count. We reversed that conviction because Petruk did not attempt to obstruct a federal "official proceeding," as § 1512(c)(2) requires. 781 F.3d at 444-46.

In June 2013, Petruk was charged with the federal carjacking offense. In October, while incarcerated, he mailed a letter to Peterson, asking her to find a person to play the part of "Sam," a fictitious person who would speak with Petruk in a recorded prison telephone call and falsely confess to the carjacking. The letter included a detailed script for a conversation between Petruk and Sam. Petruk wrote that he would call Peterson in the future and that "the code words to tell me your ready on your end is -- I am at the store call me back in 15 minute's." He used the name of a fellow inmate on the envelope to conceal his authorship. One week later, Petruk wrote a second letter providing a longer and more detailed script. He wrote

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

to Peterson, "We pull this off, I am home free with any jury . . . if anyone ever come at you about this sam, you only got to say you've met him twice."

Petruk called Peterson on November 3 and asked her in the recorded call if she was "gonna go to the store?" Peterson responded, "I'm not goin' to the store tonight." Peterson turned the letters over to an ATF agent that month and testified for the government at trial. Though a longtime friend of Petruk, she testified that she made no attempt to execute his "ridiculous" plan to recruit a person to play a fictional character, Sam, who would provide a false confession to the assault of Behning in a phone conversation that jail officials would overhear and record.

At resentencing, the district court imposed a two-level enhancement under § 2J1.2(b)(3)(C) because his obstruction offense was "extensive in scope, planning, or preparation." On appeal, Petruk argues the district court erred because his efforts to obstruct justice were "limited, unsophisticated and utterly unsuccessful." The parties' appeal briefs recite our frequently-stated standard of review of sentencing guidelines decisions -- we review the district court's factual findings for clear error and its application or interpretation of guidelines provisions *de novo*. See, e.g., United States v. Bakhtiari, 714 F.3d 1057, 1062 (8th Cir. 2013). But the parties unwisely fail to address whether "extensive in scope, planning, or preparation" is an issue of fact or law. They simply argue the district court did, or did not, "err." We have found no prior case addressing this issue, which is not free from doubt.

The district court carefully explained why it found (or concluded) that Petruk's obstruction offense was "extensive in scope, planning, or preparation" within the meaning of § 2J1.2(b)(3)(C):

> Mr. Petruk, in an effort to, frankly, subvert justice following a rather brutal assault of his victim concocted a rather elaborate plan to manufacture evidence of a false confession. I would agree it was an ill-

fated strategy, but it was nonetheless fairly complicated. He enlisted the support of a friend to record a statement from a fictitious person named Sam to falsely confess to the carjacking offense on the prison phone, hoping that authorities would hear the confession while monitoring the prison phone system. He drafted multiple scripts of this confession. This took several days, involved multiple phone calls and mailed correspondence.

He even raised a concern in his second letter with a revised script for Sam that whoever played Sam would have to act like he wasn't reading from a script. And he even thought to write a different inmate's name on the return address of the mailed correspondence so as to not connect it to him. I would agree it was poorly conceived, I would agree it was ill-fated, but that's not the question. The question is whether it was extensive in scope, planning, or preparation under this enhancement, and the Court finds that it was and that the enhancement is appropriate.

There is no commentary from the Sentencing Commission and a dearth of caselaw interpreting the operative term in § 2J1.2(b)(3)(C). Petruk argues that his obstructive activity was less extensive than the conduct that warranted this enhancement in three appellate decisions that applied § 2J1.2(b)(3)(C), Bakhtiari, 714 F.3d at 1061-62; United States v. Rodriguez, 499 F. App'x 904, 907-09 (11th Cir. 2012), cert. denied, 113 S. Ct. 1844 (2013); and United States v. Jensen, 248 F. App'x 849, 850-52 (10th Cir. 2007). The comparisons are instructive, but not controlling, because in each case the court of appeals affirmed a district court's application of § 2J1.2(b)(3)(C) to specific facts. We are inclined to agree with Petruk that his attempt to corrupt this federal prosecution was not "extensive in scope." It was quite unlike the "extreme and repetitive misconduct" that undermined the integrity of a correctional institution in Jensen. Id. at 851 (quotation omitted). But we agree with the district court that Petruk's elaborate and complicated scheme to corrupt a prosecution with false evidence was "extensive in planning [and] preparation," like the "gathering together of lies and misrepresentations" in

Rodriguez, 499 F. App'x at 909 (quotation omitted), and the "extensive planning" undertaken to intimidate an opposing lawyer and his family in Bakhtiari, 714 F.3d at 1062. Accordingly, we conclude the district court did not err in imposing the § 2J1.2(b)(3)(C) enhancement.[2]

## II. The § 3E1.1 Reduction.

Section 3E1.1 provides for a two-level reduction if the defendant "clearly demonstrates acceptance of responsibility for his offense." Petruk argues the district court erred in denying the reduction because he "clearly demonstrated that he accept[ed] responsibility for his attempt to obstruct an official proceeding." "[A] determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." U.S.S.G. § 3E1.1, comment. (n.2). It is a "rare situation" where a defendant who contests his guilt at trial can meet his burden to clearly demonstrate acceptance of responsibility. United States v. Spurlock, 495 F.3d 1011, 1014 (8th Cir.), cert. denied, 552 U.S. 1054 (2007). "This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a . . . challenge to the applicability of a statute to his conduct)." U.S.S.G. § 3E1.1, comment. (n.2).

Petruk was "not the rare defendant who goes to trial to assert and preserve issues that do not relate to factual guilt." United States v. Thunderhawk, 799 F.3d 1203, 1209 (8th Cir. 2015) (quotations omitted). He argued to the district court that he went to trial primarily to challenge (successfully) the government's interpretation of the federal carjacking statute. The district court rejected this contention, finding

---

[2]Petruk's suggestion that § 2J1.2(b)(3)(C) should be limited to "significant large-scale white collar obstructionist behavior" because 18 U.S.C. § 1512(c)(2) was enacted in the Sarbanes-Oxley Act, Pub. L. 107-204 (2002), is without merit. On their face, § 1512(c)(2) and § 2J1.2(b)(3)(C) apply to conduct that corruptly obstructs any federal "official proceeding."

that his "reason for going to trial was not solely to preserve some legal issue, at least that wasn't articulated to the Court."  The court explained:

> There is simply no evidence, pretrial, of any clear acceptance of responsibility . . . .  He could have pled guilty to [the obstruction] offense; but at a minimum, he could have acted in a way which didn't put the Government to proof of the facts of this offense by stipulating to those facts, by not cross-examining witnesses.  That's not what happened here.  The Government had to prove the facts of this offense.  And again, [the obstruction] offense was not one that the Defense was seeking to preserve a legal defense about.  And finally, there is no evidence pretrial, as there was in Spurlock, of any remorse or acceptance of the wrongful conduct.

On appeal, Petruk argues that he nevertheless clearly accepted responsibility in a post-conviction letter to the district court, which acknowledged guilt.  However, the acceptance-of-responsibility "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."  U.S.S.G. § 3E1.1, comment. (n.2).

"A district court's factual determination about whether the defendant accepted responsibility is entitled to great deference, and we will reverse it only if it is so clearly erroneous as to be without foundation."  Spurlock, 495 F.3d at 1014.  Here, there was no clear error.

The judgment of the district court is affirmed.

_____