# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 16-1292

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Kendan LaJordan Fonville, also known as Fudd

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: January 9, 2017
Filed: April 17, 2017
[Unpublished]

——————————

Before COLLOTON, MURPHY, and MELLOY, Circuit Judges.

——————————

PER CURIAM.

Kendan Fonville pleaded guilty to one count of possession of a firearm by an unlawful drug user or addict, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and one count of possession of a firearm with an obliterated serial number, in

violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). The district court[1] sentenced Fonville to the statutory maximum of 180 months in prison. Fonville appeals, arguing that the district court committed procedural error in calculating his guidelines range. He also argues that his sentence is substantively unreasonable. We affirm.

As Fonville acknowledges, most of his arguments on appeal rest on the district court's factual findings. See United States v. Beckman, 787 F.3d 466, 494 (8th Cir. 2015) (clear error review for factual findings at sentencing). Specifically, Fonville argues the government failed to prove that he possessed an AK-47 semiautomatic firearm. At the sentencing hearing, however, two witnesses testified that they observed Fonville firing the AK-47 into the air at a party. Another witness testified that Fonville and another individual were holding the AK-47 together when the rounds were fired. And, although two other witnesses testified that they did not see Fonville fire an AK-47, the district court reasonably dismissed their testimony as incredible. We therefore cannot say the district court clearly erred in finding that Fonville was at least one of the individuals who possessed and fired the AK-47. See United States v. Battle, 774 F.3d 504, 511 (8th Cir. 2014) ("The government can prove knowing possession by showing actual or constructive possession, and possession can be sole or joint."); United States v. Brooks, 715 F.3d 1069, 1082 (8th Cir. 2013) (upholding conviction under § 922(g) where evidence included "photos and video of a person resembling [the defendant] holding a firearm"). Nor can we say, given the above evidence, that the district court clearly erred in finding that Fonville frivolously contested whether he possessed the AK-47 and, thus, acted inconsistently with acceptance of responsibility. See United States v. Petruk, 836 F.3d 974, 978 (8th Cir. 2016) ("A district court's factual determination about whether the defendant accepted responsibility is entitled to great deference, and we will

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

reverse it only if it is so clearly erroneous as to be without foundation." (citation omitted)).

Given these findings of fact, the district court did not err in applying the guidelines provisions relevant to Fonville's total offense level. See Beckman, 787 F.3d at 494 (de novo review for construction and application of the guidelines). Fonville does not contest that the AK-47 was capable of accepting a large capacity magazine or that he was a prohibited person at the time of the offense; thus, the district court did not err in calculating a base offense level of 20. See U.S.S.G. § 2K2.1(a)(4)(B). Fonville also does not contest that he possessed at least two other weapons, a MAC-10 pistol and a Bersa .380 pistol; accordingly, the district court did not err in applying a two-level enhancement for possessing three or more firearms. See id. § 2K2.1(b)(1)(A). And, given the district court's finding that Fonville frivolously contested possession of the AK-47, the district court did not err in denying Fonville an acceptance-of-responsibility reduction. See id. § 3E1.1 cmt. n.1(A). We therefore conclude, after taking into account other enhancements undisputed on appeal, that the district court did not err in calculating a total offense level of 30.

Fonville next argues that the district court abused its discretion by departing upward on Fonville's criminal history category. See United States v. Outlaw, 720 F.3d 990, 992 (8th Cir. 2013) (abuse-of-discretion review for upward departures). The district court initially calculated a criminal history category of IV, but the government moved for an upward departure under U.S.S.G. § 4A1.3. The district court granted the departure and found a criminal history category of V, noting that a "considerable number" of Fonville's prior violations did not receive criminal history points. Those prior violations, the district court noted, were escalating in nature from "beating on women, threatening women, to firearm offenses, and . . . shooting off a firearm in the city limits of Cedar Rapids. He is a recidivist." After reviewing the record, we conclude the district court did not abuse its discretion by departing

upward. See Outlaw, 720 F.3d at 992–93 (upholding upward departure where criminal history category was under-representative of the defendant's history of violent conduct); United States v. Miller, 484 F.3d 968, 971 (8th Cir. 2007) ("An upward departure pursuant to § 4A1.3 may be particularly appropriate in the context of 'defendants in their early twenties or younger' who repeatedly have received lenient sentences, yet who may pose a significant risk of serious recidivism." (quoting U.S.S.G. § 4A1.3 cmt. background)). Thus, with Fonville's total offense level of 30, criminal history category of V, and statutory maximum sentence of 180 months between both counts, the district court properly calculated the applicable guidelines range as 151 to 180 months.

Finally, Fonville argues that his 180-month sentence is substantively unreasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (abuse-of-discretion review for substantive reasonableness). However, finding no abuse of discretion in the district court's consideration of the § 3553(a) factors, we affirm.

_____