# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3396

_____

United States of America

*Plaintiff - Appellee*

v.

Squacar Gray

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 23, 2019
Filed: December 9, 2019
[Unpublished]

_____

Before KELLY, MELLOY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Squacar Gray pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Gray to 80 months of imprisonment, followed by two years of supervised release. Gray appeals his sentence as both procedurally and substantively unreasonable.

When reviewing a challenge to a sentence, we first ensure that the district court committed no procedural error, such as improperly calculating the Guidelines range. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). In so doing, we review the district court's factual findings for clear error and its application or interpretation of the Guidelines de novo. United States v. Petruk, 836 F.3d 974, 976 (8th Cir. 2016). If we find no procedural error, we then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. Feemster, 572 F.3d at 461.

At sentencing, the district court adopted the presentence investigation report (PSR), which established a Guidelines range of 57 to 71 months. Gray moved for a downward variance and requested a sentence of 24 months. Gray argued that a long history of substance abuse and mental health issues, along with other mitigating factors, counseled in favor of leniency and treatment, but the district court disagreed and denied the motion. While he was out on bond pending trial, Gray cut off his GPS monitor, and the government heavily relied on this fact when it requested an upward variance and a sentence of 96 months. The district court granted the government's motion for an upward variance and sentenced Gray to 80 months.

Gray did not object to the calculation of the Guidelines range, but objected to the upward variance and outlined the potential mitigating factors for the district court to consider. On appeal, he argues the district court put too much weight on his

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

conduct while on pretrial release. However, we cannot say from the record that the district court's factual findings were clearly erroneous or that the district court abused its discretion by varying upward and imposing a sentence that is nine months longer than the top end of the Guidelines range. The district court considered the factors as outlined in 18 U.S.C. § 3553(a), and it was not an abuse of discretion for the district court to weigh these factors differently than Gray proposed.

The judgment of the district court is affirmed.

_____